**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JEFFERSON RONEL HAMPTON,** | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| VS. | ) | CASE NO. 16-CV-286-FHM |
| | ) | |
| **NANCY A. BERRYHILL[1], Acting** | ) | |
| **Commissioner of the Social Security** | ) | |
| **Administration,** | ) | |
| | ) | |
| DEFENDANT. | ) | |

## OPINION AND ORDER

Plaintiff, JEFFERSON RONEL HAMPTON, seeks judicial review of a decision of the

Commissioner of the Social Security Administration denying Social Security disability

benefits.[2]  In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to

proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C.

§ 405(g) is limited to a determination of whether the decision is supported by substantial

evidence and whether the decision contains a sufficient basis to determine that the

---

[1] Effective January 23, 2017, Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of the Social Security Administration and is substituted as defendant in this action pursuant to Federal Rule of Civil Procedure 25(d).

[2] Plaintiff Jefferson Ronel Hampton's application was denied initially and upon reconsideration. A hearing before an Administrative Law Judge (ALJ) Deborah L. Rose  was held May 29, 2014.  By decision dated August 21, 2014, the ALJ entered the findings which are the subject of this appeal.  The Appeals Council denied Plaintiff's request for review on March 18, 2016.  The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

Commissioner has applied the correct legal standards.  *See Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater,* 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994).  Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Casias v. Secretary of Health & Human Servs.,* 993 F.2d 799, 800 (10th Cir. 1991).  Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands.  *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 45 years old on the alleged date of onset of disability and 48 years old on the date of the denial decision.  He has a high school education and past work experience includes a pipe fitter.  Plaintiff claims to have been unable to work since January 18, 2012[3] due to back pain radiating to his hips, legs and feet; neck pain; hand and wrist pain; right foot pain; and headaches. [R. 138, 160].

## The ALJ's Decision

The ALJ determined that Plaintiff has the following severe impairments: degenerative disc disease of the cervical and lumbar spine, degenerative joint disease of

---

[3]  Plaintiff amended his alleged date of disability from March 1, 2011 to January 18, 2012. [R. 46].

the right foot, and status post rotator cuff repair bilaterally.  [R. 25].  The ALJ determined that Plaintiff has the residual functional capacity to perform light work except he has the ability to lift or carry, push or pull twenty pounds occasionally, ten pounds frequently, stand or walk six hours in an eight-hour workday, and sit six hours in an eight-hour workday. Plaintiff can occasionally perform overhead reaching, climb, balance, stoop, kneel, crouch or crawl, handle and finger.  [R. 26].  The ALJ determined that although Plaintiff cannot return to his past relevant work, based on the testimony of the vocational expert, there are a significant number of jobs in the national economy that Plaintiff could perform.  [R. 21-22]. Accordingly, the ALJ found Plaintiff was not disabled.  The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen,* 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## Plaintiff's Allegations

Plaintiff asserts the ALJ:  1) failed to recognize bilateral carpal tunnel syndrome and occipital headaches as severe impairments; 2) failed to include all of Plaintiff's limitations in the residual functional capacity (RFC); and 3) made an improper credibility assessment. [Dkt. 10, p. 1-2].

## Analysis

### Step 2 Determination

Plaintiff argues that the ALJ erred at Step 2 by failing to include carpal tunnel syndrome and headaches as severe impairments.  [Dkt. 10, p. 1-3].  At Step 2 of the evaluative sequence, the ALJ must determine whether Plaintiff suffers from severe

impairments.  That is all that is required of the ALJ at Step 2.  *Oldham v. Astrue,* 509 F.3d 1254, 1256 (10th Cir. 2007).  Once an ALJ finds that a claimant has at least one severe impairment, a failure to designate others as "severe" at Step 2 does not constitute reversible error because, under the regulations, the agency at later steps "consider[s] the combined effect of all of [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity."  20 C.F.R. §§ 404.1521, 416.921; *see also* 20 C.F.R. §§ 404.1525(e), 416.945(e); *Mariaz v. Sec'y of Health & Human Servs.,* 857 F.2d 240, 244 (6th Cir. 1987), *Brescia v. Astrue,* 287 Fed. Appx. 616, 629 (10th Cir. 2008).  The ALJ's decision demonstrates she considered all of Plaintiff's alleged impairments.  Thus, the court finds no error in the ALJ's findings at Step 2.

## RFC Determination

Plaintiff argues that the ALJ failed to formulate an RFC assessment that included all of Plaintiff's limitations; that the ALJ did not provide a reviewable analysis of Plaintiff's treatment records; that the opinion of Plaintiff's treating physician, James A. Rodgers, M.D., should have been given controlling weight; and the ALJ interjected her own medical opinion into the RFC assessment.  [Dkt. 10, p. 4-5].

In making the RFC assessment, an ALJ considers how an impairment, and any related symptoms, may cause physical and mental limitations that affect what a claimant can do in a work setting. The RFC represents the most a Plaintiff can still do despite his limitations.  20 C.F.R. § 404.1545(a)(1).  Because lumbar spine and degenerative joint disease of the right foot were found severe at Step 2, it is Plaintiff's position that the ALJ erred by failing to include any limitations in the RFC assessment pertaining to those

4

impairments, specifically the ability to walk or stand, and ability to use foot pedals, a ladder, or any other activity related to the foot.  [Dkt. 10, p. 4-5].  The ALJ discussed the medical evidence related to Plaintiff's right foot including the February 2012 exam by Dr. Robert Nebergall, D.O.  Dr. Nebergall reviewed the MRI of July  2011 which was positive for bipartite medial sesamoid and mild to moderate degenerative changes of the first metatarsophalangeal joint; lateral was positive for pes cavus.  [R. 304].  Dr. Nebergall recommended conservative treatment including physical therapy, anti-inflammatory medication, and possible injection.  [R. 28, 468].

The ALJ also discussed medical evidence related to Plaintiff's back.  The ALJ noted the 2011 MRI showed mild degeneration at C5-6 level with minimal broad based disc/osteophyte complex with no cord compression.   In December 2011 a physical examination by Dr. Lorton revealed Plaintiff only had mildly reduced motion and strength in his upper extremities. [R. 446].  The ALJ acknowledged that Plaintiff submitted medical records after the hearing from Richard Thomas, M.D. , noting that in June 2014 Dr. Thomas ordered an MRI that revealed disc desiccation at L4-5 with near complete loss of disc height at L5-S1 and anterior-posterior neural foraminal stenosis bilaterally.  [R. 32, 542-47].  In support of her RFC assessment, the ALJ stated:

> "The objective evidence in this case supports the above finding that claimant can perform the above described light work limitations.  Objective findings regarding his degenerative disc disease showed only mild degeneration at C5-6 level, with minimal broad based disc/osteophyte complex, which just abuts the anterior surface of the cervical cord; however, there was no cord compression (Ex 6F).  [P]hysical examination has showed . . . only mildly reduced motion and strength in his upper extremities (Ex. 17F pg. 1).   [S]evere foraminal narrowing at L5-S1 and abnormalities at L4-5, he does not have  significant reflex, sensation or motor loss that might be

5

expected with such findings.  Also, the fact that he opted not to undergo lumbar surgery because he was obtaining relief with injections, weighs against the severity of pain he is alleging. He has admitted that after his shoulder surgeries, his use of his upper extremities improved significantly, as did his pain. Various doctors involved in his care, mostly related to his Workers' Compensation claim, have opined restrictions ranging from 10 to 50 pounds.  Given his reluctance to have surgery and his basically mild objective findings on repeated physical examinations, I give more weight to the opinions consistent with light work activity, involving lifting and carrying up to 10 pounds frequently and up to 20 pounds occasionally.  I give no weight to the category of being temporarily totally disabled, as that is a concept relevant only to Workers' Compensation and even when Dr. Thomas said most recently that he was so disabled, his objective findings other than the MRI, failed to show worsening that would support the claimants' allegations of disabling pain."

[R. 32].

The record reveals that from 2011 to 2012 Plaintiff had relatively mild objective findings and functional limitations regarding his back.  Further, there are no treatment records related to his back during 2013.  It is clear that Plaintiff's back impairments worsened in 2014 which is established by medical records of Dr. Thomas.  However, the evidence does not establish that  his worsening medical condition was present for at least twelve months, as required to qualify. See 20 C.F.R. §§ 404.1525(c)(3) (to satisfy listing criteria, impairment must "satisf[y] all of the criteria of that listing" and "meet[ ] the duration requirement"); 404.1509 (durational requirement means the impairment "is expected to result in death, [or] it must have lasted or must be expected to last for a continuous period of at least 12 months").

Moreover, the step two severity finding and the RFC finding involve different considerations.  To find a "severe" impairment at step two requires only a threshold

6

showing that the claimant's impairment has "more than a minimal effect on [her] ability to do basic work activities." *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir.1988).  A step two determination that Plaintiff's lumbar spine and degenerative joint disease of the right foot are "severe" only allows the sequential process to proceed.  It does not address the degree of work-related functional limitations resulting from the "severe" impairments.  An ALJ does not err by failing to match each step two impairment to a work-related limitation in the RFC. Rather, in developing the RFC the ALJ considers all of the medical and other evidence to determine whether the record supports the existence of physical, mental, sensory, and other limitations in the ability to perform work-related functions.  *See* 20 C.F.R. §§ 404.1545, 416.945.  The question then is not whether the RFC contains the "severe" impairments, but whether the RFC accounts for the work-related limitations that flow from those impairments.  Thus, the ALJ's failure to incorporate each severe impairment found at step two into the RFC finding is not error.

Plaintiff argues that although the ALJ discussed the findings of treating physician, James A. Rodgers, M.D., she erred by failing to incorporate his findings into the RFC. Further, that as Plaintiff's treating physician, Dr. Rodgers' opinion should have been given controlling weight. Plaintiff relies on reports from Dr. Rodgers who saw him in connection with his worker's compensation claim.  Plaintiff submitted to an independent medical examination (IME) at the request of the Workers' Compensation Court on September 8, 2011.  Dr. Rodgers opined that Plaintiff could return to work in a modified position where he does not lift more than ten to fifteen pounds, does not do overheard work, or climb ladders.  [R.  312-16].  In October 2011 Dr. Rodgers ordered an MRI which showed minimal broad based disc/osteophyte complex with no cord compression and moderate

degenerative changes at C3-C4, C4-C5, and C6-C7. Plaintiff was re-examined by Dr. Rodgers on October 17, 2011 where he remained temporarily totally disabled. [R. 307-08].

As a treating physician, Dr. Rodgers' opinion was entitled to deference, however, the ALJ gave great weight to the reviewing physicians, Drs. Boatman and Meites who opined Plaintiff could perform light work with certain limitations. [R. 33, 71-76; 78-89]. Plaintiff's unwillingness to undergo back surgery, [R. 384], and his minimal and conservative treatment received in 2011 and 2012, and lack of treatment in 2013 is supportive of the ALJ's decision. Therefore, it is reasonable for the ALJ to find that Plaintiff could perform activities associated with light work. The court finds that the RFC is supported by substantial evidence. The ALJ provided a detailed and clear analysis of the medical evidence and opinions and provided appropriate reasons supported by the record for the weight she gave the Disability Determination Services physicians' opinions.

The decisional RFC assessment limited Plaintiff to occasional overhead reaching. [R. 26]. Plaintiff argues that Dr. Boatman, who was accorded great weight, limited overhead reaching to two hours in an eight hour work day which is less than occasional. Plaintiff argues that "occasional" equals one-third of the time which, in an eight hour workday, one-third would exceed 2.5 hours. [Dkt. 10, p. 6]. However, there is no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question. Further, "[T]he ALJ, not a physician, is charged with determining a claimant's RFC from the medical record." *Howard v. Barnhart*, 379 F.3d 945, 949 (10th Cir.2004) (following 20 C.F.R. § 416.927(e)(2) and SSR 96–59, 1996 WL 374183, at *5); see also 20 C.F.R. §§ 404.1546(c) and 416.946(c).

The ALJ concluded that the evidence was consistent with the RFC assessment and supported a finding that Plaintiff could perform light work with certain restrictions, namely occasional overhead reaching, climbing, balancing, stooping, kneeling, crouching, crawling, handling, and fingering.  The ALJ's decisional RFC contains the similar limitations found by the Disability Determination Services physicians who reviewed Plaintiff's records and to whom the ALJ accorded great weight. [R. 33].  Although the ALJ is not bound by the findings made by State agency medical or psychological consultants, the regulations instruct that these consultants are "highly qualified physicians and psychologists who are also experts in Social Security disability evaluation" whose findings must be considered as opinion evidence.  20 C.F.R. § 404.1527(f)(2)(I); 20 C.F.R. § 416.927(f)(2)(I).

Plaintiff argues that the ALJ failed to specify the weight accorded to Plaintiff's treating and examining physicians.  [Dkt. 10, p. 4].  Plaintiff's statement is inaccurate.  The ALJ gave more weight to the opinions consistent with light work activity, no weight to the category of being temporarily totally disabled, and great weight to the opinions of Disability Determination Services physicians Drs. Boatman and Meites. [R. 32-33].  The ALJ's failure to specify the weight given each medical opinion is not cause for reversal of the decision.  Review requires the court to use common sense, not technical perfection, as its guide.  *Keyes-Zachary v. Astrue*, 695 F.3d 1156 (10th Cir. 2012).  The ALJ's citation to the medical evidence satisfies the requirement that the ALJ's decision be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating sources' medical opinion and the reasons for that weight. 20 C.F.R. § 404.1527.

Plaintiff also argues that the ALJ improperly interjected her own medical opinion into the RFC assessment.  [Dkt. 10, p. 5-7].  The court does not agree.  See *Hamlin v.*

9

*Barnhart*, 365 F.3d 1208, 1221 (10th Cir. 2004) (ALJ's finding that claimant did not require assistive device an improper substitution of his own medical opinion for that of treating physician) (citing *Miller v. Chater*, 99 F.3d 972, 977 (10th Cir. 1996).  The ALJ is obligated to determine what Plaintiff can do in spite of his limitations.  The decision shows that the ALJ thoroughly analyzed and discussed the medical evidence and demonstrates the ALJ's consideration.  The ALJ stated she carefully considered all of the evidence.  [R. 24, 25, 32].  The Tenth Circuit has stated it will take the ALJ at his word where, as here, the entirety of the ALJ's discussion of the evidence and the reasons for his conclusions demonstrate that he adequately considered the claimant's impairments.  *Wall v. Astrue,* 561 F.3d 1048, 1070 (10th Cir. 2009).  The ALJ concluded that the evidence was consistent with the RFC assessment and supported a finding that Plaintiff could perform light exertional work.

Credibility Determination

Credibility determinations are peculiarly the province of the finder of fact, and [the court] will not upset such determinations when supported by substantial evidence. However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Hackett v. Barnhart,* 395 F.3d 1168, 1173 (10th Cir. 2005)(citation, brackets, and internal quotation marks omitted).  The ALJ cited numerous grounds, tied to the evidence, for the credibility finding, including: Plaintiff's reason for discontinuing work was not associated with his impairments, and his statements concerning the intensity, persistence, and limiting effects of his carpal tunnel, shoulder, and foot pain is not consistent with the evidence of the record.  [R. 32-33].  The ALJ thus properly linked her credibility finding to the record, therefore, the court finds no

10

reason to deviate from the general rule to accord deference to the ALJ's credibility determination.

## Conclusion

The court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts.  The court further finds there is substantial evidence in the record to support the ALJ's decision.  Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 14th day of March, 2017.


FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

11